IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA FOURTH JUDICIAL DISTRICT COURT, OFFICE OF THE STATE PUBLIC DEFENDER,<br><br>Defendants. | CV 26-173-M-KSL<br><br>ORDER |

Plaintiff Jesse Rodriguez filed a complaint generally alleging the Defendants violated his civil and constitutional rights in conjunction with his active state criminal proceedings. *See generally*, (Doc. 2). Rodriguez asserts he was wrongfully arrested and Defendants have "made a crime exist where there was none" and that he is being held in custody without a way to be released. (*Id.* at 4.) Rodriguez claims while he was out of custody, he was approached and harassed by a juvenile who was trying to convince Rodriguez to provide him alcohol and cigarettes. Rodriguez believes police arrested him because he is vulnerable and an "easy target." (*Id.*)

Apparently as a result of this interaction with the juvenile, Rodriguez was placed back in custody. He states he has suffered mental anguish, anxiety attacks, high blood pressure, sleep apnea, and bodily injury. (*Id.* at 5.) Rodriguez asks for $1 million dollars for medical damages and loss of his time. (*Id.*) Rodriguez also

requests "habeas corpus relief," but the Court notes that he has filed a companion habeas corpus petition and, to the extent that he advances cognizable habeas claims, they will be addressed in that matter. *See, Rodriguez v. State*, Cause No. CV 26-164-M-SPW, Amd. Pet. (filed Oct. 19, 2026).

As explained below, Rodriguez fails to state a claim for relief and seeks relief from Defendants who are immune under 42 U.S.C. §1983. The matter will be dismissed.

## I. Motion to Proceed in Forma Pauperis

Rodriguez seeks leave to proceed in forma pauperis and has submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1). The request to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. §1915(b)(1), Rodriguez must pay the statutory filing fee of $350.00. The account statement submitted shows an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, §1915(b)(4)").

Rodriguez will be required to pay the filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. §1915(b)(2). Rodriguez must make these monthly filing fee payments

simultaneously with the payments required in any other case he has filed. *Bruce*, 577 U.S. at 87. By separate order, the Court will direct the facility where Rodriguez is held to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2).

## II. Screening

Rodriguez is a prisoner proceeding in forma pauperis so the Court must review his complaint. *See* 28 U.S.C. §1915 and §1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

As explained below, Rodriguez's present complaint fails for several reasons. Accordingly, it will be dismissed.

### i. Federal Violation

To prevail in a §1983 claim, a plaintiff must show that acts by the defendants under color of state law deprived him of federal rights, privileges, or immunities. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (cleaned up). He must also show damages. *Id.* at 1164. In this matter, Rodriguez identifies the

Fourth, Sixth, and Eighth Amendments, *see* (Doc. 2 at 3), but he does not supply any additional factual support for the claims.

Thus, the manner in which he believes his rights were violated is entirely unclear. Rodriguez has failed to state what he believes defendants did, or failed to do, in violation of his federal rights.

As his complaint stands, Rodriguez has not connected the purported federal constitutional violation to the deprivation of a right that would give rise to a colorable claim. He only suggests conclusory claims that Public Defender Lydia Dal Nogare and/or District Court Judge Jason Marks were somehow complicit in his arrest and detention and that there was an unidentified corresponding violation. In short, Rodriguez has failed to state a plausible federal claim.

**ii. Improper Defendants**

Even assuming Rodriguez could state a claim under 42 U.S.C. §1983, the next deficiency in his complaint is that he has named a defendant who is entitled to immunity and another who is not a "state actor" for purposes of Section 1983.

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. §1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento Cnty*

*Superior Ct*, 318 F. 3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Aside from simply naming Judge Marks as a Defendant, Rodriguez has not identified specific acts undertaken by Judge Marks that would indicate he acted outside of his judicial capacity or without jurisdiction. Accordingly, Judge Marks is entitled to judicial immunity from suit.

Rodriguez is further advised that the public defenders that are appointed to represent him are not state actors for purposes of Section 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defender who is performing a lawyer's traditional functions as counsel is not acting under color of state law); *Miranda v. Clark Cnty.*, 319 F. 3d 465, 468 (9th Cir. 2003) (affirming dismissal because the public defender represented the plaintiff's interest during proceeding, not the state's interests). Accordingly, Rodriguez fails to state a claim under §1983 against Defendants Office of the Public Defender or Lydia Dal Nogare, for the actions they may have undertaken, or are presently taking, in defending Rodriguez in his criminal proceedings.

**III. Conclusion**

28 U.S.C. §§1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that

the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (cleaned up). Leave to amend is liberally granted to pro se litigants "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (cleaned up).

Rodriguez names defendants who are immune from suit for purposes of Section 1983 and he has failed to state a claim upon which relief may be granted. These defects could not be cured by amendment. Accordingly, granting Rodriguez leave to amend would be futile. This matter will be dismissed.

**IV. "Strike" under 28 U.S.C. §1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Rodriguez has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles Cnty Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (cleaned up). The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. This matter is **DISMISSED.** The Clerk of Court is directed to close this

matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. Rodriguez's motion for leave to proceed in forma pauperis (Doc. 1) is **GRANTED.**

3. The Clerk of Court is directed to have the docket reflect, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

4. The Clerk of Court is directed to have the docket reflect, pursuant to 28 U.S.C. §1915(g), that this dismissal counts as a strike because the complaint fails to state a federal claim upon which relief may be granted. IT IS SO ORDERED.

DATED this 26th day of October, 2026.

Kathleen Lane

KATHLEEN S. LANE
United States District Court Judge